BURNHAM vs. TURNER and another.

Under the Revised Statutes of 1858, a party who has suffered judgment by *default* before a justice of the peace, has the right of appeal.

There is nothing in the Rev. Stat. of 1858, limiting the right of appeal from a justice of the peace to such parties as have *appeared* before the justice; and appeals from inferior tribunals are favored in the law.

After return made in such case, the court can direct the defendant to serve and file his answer, and allow the issue to be made up, and proceed to trial, as in other cases.

APPEAL from the Circuit Court for *Jefferson* County.

*Burnham* sued Forbes and *Turner* before a justice of the peace on an account. The summons was served on Forbes personally, and on *Turner* by copy. Neither of the defendants appeared, and judgment was rendered against them both on the 5th of September, 1860, for $75. On the 18th of the same month, *Turner* appealed to the circuit court; and the plaintiff, after giving due notice of the motion, moved that court to dismiss the appeal, on the ground "that there was no appearance in the justice's court in which the judgment was rendered, or issue therein formed upon which a trial could be had." The circuit court dismissed the appeal, and *Turner* excepted and appealed.

*L. B. Caswell*, for appellant.

*J. E. Holmes, contra*, cited 1 Wis., 387; id., 511.

December 30.    *By the Court*, DIXON, C. J. The statute (R. S., chap. 120, sec. 204) declares that "any party to a final judgment rendered by a justice of the peace, may appeal therefrom to the circuit court, in the cases and manner hereinafter provided." There is nothing in the subsequent provisions limiting the right of appeal to such parties as shall have appeared before the justice, or excluding those who shall not have appeared. The language of the statute is not only consistent with an intention on the part of the legislature to give every party to a final judgment a right to appeal, whether the judgment be rendered in one form or another, but seems to us to forbid any other construction. It is that *any* party, &c., may appeal in the manner provided. Appeals from inferior tribunals

and jurisdictions are favored in the law, and we cannot see how a party who has suffered judgment by default is to be debarred of the right, unless we can say that the courts have the power to annex conditions which the legislature has seen fit to omit, and that we clearly cannot do. After return in such case, the court can direct the defendant to serve and file his answer and allow the issue to be made up and proceed to trial as in other cases.

The order dismissing the appeal must be reversed, and the cause remanded for further proceedings according to law.