## RICHARDSON and others vs. CHYNOWETH.

(1–3.) PRACTICE: *Amendment of answer in action appealed from justice's court.—What negligence will warrant refusal of amendment.*
(4, 5.) MEASURE OF DAMAGES: *Breach of contract to deliver goods. Usual rule of damages.—Special damages under special circumstances.*

1. On appeal from a judgment of a J. P. for more than $15, the circuit court has power to allow an amendment of the answer, setting up a counterclaim; although such amendment has been refused by the justice.
2. Affidavits contradicting the proposed amendment should not be considered in determining the question of its allowance.
3. The fact that defendant, undertaking to manage his own cause in the justice's court, neglected to plead his counterclaim because he expected to avail himself of the facts under his general denial, *held,* not such evidence of *negligence* as would warrant the circuit court in refusing the amendment.
4. While the usual measure of damages for breach of a contract to deliver goods is the difference between the contract price and the market price at the time when such delivery should have been made, yet where the goods were known to the seller to have been ordered for some particular occasion, and time is not left the buyer, after such breach, to purchase elsewhere, he should recover the amount of the actual loss directly and naturally resulting from such failure.

5. Averments that plaintiff contracted to supply defendant with certain stock and materials to be used in his business, in time for an approaching state fair in the place of defendant's residence, and with direct reference to the increased trade expected on that occasion ; that he failed to do so; that defendant was unable to supply himself at his place of residence, which plaintiff well knew, and that he suffered loss in consequence : *Held* to show a good counterclaim to an action on contract.

APPEAL from the Circuit Court for *Dane* County.

Action commenced before a justice of the peace, for an amount alleged to be due plaintiffs from defendant on a book account, for goods and merchandise. At the trial, defendant appeared in person without an attorney, and after a witness for plaintiffs had testified that defendant had admitted to him the correctness of the account, and promised to pay it, and had not paid it, defendant asked leave to amend his answer (which was a general denial) by setting up certain facts as a counterclaim. It appeared that an adjournment of the cause would be necessary to enable plaintiffs to obtain evidence in relation to the proposed counterclaim; and the defendant " offered plaintiffs an adjournment for such time as they might require, and to pay all costs of adjournment." The justice refused leave to amend, and rendered judgment against the defendant for $59.41 damages, from which he appealed to the circuit court. In that court defendant again moved for leave to amend by setting up a counterclaim for damages resulting to him from the failure of the plaintiffs to deliver to him certain goods which they had contracted to deliver, and also from their neglect to deliver certain other goods at the time agreed upon, by reason whereof defendant alleges that he had failed to sell certain sets of harness, etc., and had lost certain profits which he would otherwise have made, to his damage $110. The nature of this counterclaim will more fully appear from the opinion. The court refused leave to amend; and having found the facts alleged in the

complaint, rendered judgment for the plaintiffs; and defendant appealed.

*Wm. F. & H. Vilas,* for appellant, stated that the reason given by the circuit judge for denying leave to amend was, that as the amendment was correctly refused by the justice of the peace under subd. 11, sec. 46, ch. 120, R. S.,[*] the circuit court had no power to permit the amendment on appeal, and argued that this was an erroneous view in a case of this kind. Ch. 262, Laws of 1864; R. S. ch. 125, secs. 37, 38; *Dressler v. Davis,* 12 Wis. 58; *Burnham v. Turner,* 14 id. 622.

*Alden S. Sanborn* (with *J. C. Hopkins,* of counsel), for respondent, argued that the judgment would not be reversed for the refusal of leave to amend, unless there was an abuse of discretion (*Gillett v. Robbins,* 12 Wis. 319; *K—— v. H——,* 20 id. 239; *Sweet v. Mitchell,* 15 id. 641 and 19 id. 524); that the fact that defendant did not pretend to have any such claim until after the trial was commenced and plaintiffs had proved their account, was sufficient to impeach his good faith in the transaction, and that the claim set up in the proposed amendment was of doubtful validity, and was one for speculative damages, so unreasonable and extravagant in its nature and amount, that the circuit court might properly refuse on that ground alone to allow the amendment.

PAINE, J.   If the circuit court refused to allow the defendant to file an amended answer upon the ground of want of power, we think it was mistaken. The appeal being from a judgment of a justice, for more than fifteen dollars, the statute provides that it should be tried in the circuit court as a case originally brought there. And it has been held by this court

[*] The language of this subdivision is: "No amendment shall be allowed after a witness is sworn on a trial, when an adjournment thereby will be made necessary."

that in such a case the plaintiff may be allowed to amend so as to claim a sum in the circuit court beyond the jurisdiction of the justice. *Dressler v. Davis*, 12 Wis. 58. Also that a defendant may be permitted to file an answer at the circuit, although he did not appear at all in the justice's court. *Burnham v. Turner*, 14 Wis. 622. The only doubt we have had was, whether the proposed answer sets up any valid counterclaim. If it does, it is a somewhat unusual one, and the general allegations of damage may be difficult to substantiate definitely by proof. But, subject to this difficulty, we have come to the conclusion that the answer must be regarded as setting up a good claim for whatever damages were directly occasioned by the plaintiffs' default in complying with the alleged contract. It is true, that the general rule of damages in actions on contracts for not delivering goods, where the price has raised, is the difference between the contract price and the market price at the time when they ought to have been delivered. This rests upon the assumption, which is generally true, that the purchaser may, by paying the market price, supply himself, and thus avoid any other damage.

But there may be cases, where parties contract for articles with reference to use or sale on some particular occasion, and where, by reason of want of time, or their situation in respect to the market, they would, on a failure to receive them on the contract, be unable to supply themselves for that occasion, in which this general rule of damages would wholly fail to compensate for the actual loss. In such cases, time is of the essence of the contract. It would be like a contract to complete at a given time a ship designed to be employed in a particular trade, or a house to be occupied, or an engine to run a particular mill or manufactory. In such cases, where the contracting party is advised of the special purpose of the thing to be completed, and if the damage that would naturally accrue

from failure to complete it at the specified time, and in view of this expressly stipulates to furnish it at a given time, there is no reason why he should not be responsible for such damage as is the direct natural result of his failure, even though beyond the mere difference between the contract and market price. Some cases of that character are referred to in the opinion in *Shepherd v. The Milwaukee Gas Company*, 15 Wis. 318; and the general reasoning of that opinion tends to support the proposition now asserted.

The counterclaim stated in the defendant's proposed answer seems to fall fairly within this principle. It shows a contract by the plaintiffs to furnish the defendant with certain stock and materials to be used in his business, in time for the approaching state fair, and with direct reference to the increased trade and business expected on that occasion. It alleges a failure to comply with the contract—an inability on the defendant's part to supply himself in Madison, where he was located, and that this was known to the plaintiffs, and that he was damaged and suffered loss in consequence. We shall of course not attempt to anticipate what proof he may offer in support of these allegations, nor to indicate what would be proper or necessary. But upon those facts we think he would be entitled to such damage as he can prove with reasonable certainty to have been the direct natural result of the failure of the plaintiffs to comply with their contract.

The court having power to allow the defendant to file an amended answer, and the one proposed setting up a valid counterclaim by way of defense, we think, upon the facts appearing in the affidavits, he ought to have been allowed to file it. He had been guilty of no negligence; for the fact that, while attempting to manage his own case before the justice, he supposed he could prove his defense under a general denial, could hardly be called such. On ascertaining his

mistake, he employed counsel and moved promptly before the justice for leave to amend. And whether or not the motion, at that stage of the trial, was properly denied by the justice, when the case was taken by appeal to the circuit court, it would seem an unwarranted exercise of the discretion of that court to refuse leave to put in an answer necessary to a just determination of the controversy between the parties. In passing upon his application, affidavits offered by the other side, tending to disprove the counterclaim, ought not to be considered. Its truth should not be tried on the motion for leave to plead.

The judgment must be reversed, and the cause remanded with directions to grant the motion of defendant for leave to file his answer, and for a new trial.

*By the Court.*—Judgment reversed, and cause remanded with the directions above indicated.