## PERROTT v. OWEN, Justice of the Peace.

1. Where the law affords a plain, speedy, and adequate remedy, *certiorari* will not lie.

2. Appeals from inferior tribunals are, in law, regarded with favor; and the statute makes no distinction, as to the right of appeal, between parties who have suffered judgment by default in justice court and those who have appeared in the action.

3. Section 6129 of the Compiled Laws authorizes a party against whom a justice of the peace has rendered judgment by default to appeal therefrom.

4. Under section 6065, Comp. Laws, a justice of the peace may vacate and set aside a judgment by default taken against a party by mistake, surprise, inadvertence, or excusable neglect.

(Syllabus by the Court.   Opinion filed Oct. 1, 1895.)

Appeal from circuit court, McCook county.    Hon. JOSEPH W. JONES, Judge.

Application for writ of *certiorari.*    Writ denied, and plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*A. C. Biernatzki,* for appellant.

The requirements as to what a summons shall contain are mandatory and in case of default no other or greater relief can be granted than is specified in the summons.    Lampy v. Hyatt, 27 Cal. 99; Parrott v. Dew, 34 Id. 79; Sweezy v. Schulte, 6 Pac. 79; Twickey v. Haney, 23 N. W. 577; Berry v. Bingman, 47 N. W. 825; Smith v. Aurich, 6 Colo. 388; People v. Green, 52 Cal. 577; Porter v. Herman, 8 Cal. 625; Dyer v. Keaton, 3 Mont. 495; Brandenburger v. Early, 78 Mo. 659; State v. Woodlief, 2 Cal. 241; Bassett v. Mitchel, 19 Pac. 671.    Where a remedy by writ of error or appeal is given a common law *certiorari* cannot be sustained, but if an appeal is denied or the party is deprived of it by fraud on accident, he may have his case reviewed by *certiorari.*    Keyes v. Morin, 42 Cal. 256; Reynolds v. Superior, 28 Pac. 121; Saunders v. Sioux, 24 Id. 533.    A party to an action in justice court defaulting has no appeal.    Minnesota v. Hedges, 10 N. W. 531; Strise v. Hingsbaker, 7 Id. 534; Braier v. Hempoll, 20 Id. 108; Brayton v. County, 16 Ia. 44; Trullenger v. Todd, 5 Or. 36; Saig v. Sharp, Id. 538; Irms v. Purcell, 58 N. Y. 388; Shaborman v. Thompson, 50 N. W. 781; Callman v. Lewis, 44 Id. 892; Ins. Co. v. Duffy, 25 Id. 117.

*M. A. Butterfield,* for respondent.

*Certiorari* does not lie, when an appeal, writ of error or other mode of review is given by statute.    Sioux Falls v. McKee, 50 N. W. 1057; Dean v. State, 50 Ala. 153; Reilly v. Tyng, 1 Ariz. 510; People v. Turner, 1 Cal. 152; Hansen v. State, 33 Wis. 678; Ennis v. Ennis, 110 Ill, 78.    *Certiorari* does not lie as a substitute for an appeal from an interlocution order of a superior court.    State v. Georgia, 13 S. E. 861; Johnson v. Cummings, *Id.* 819; Cox v. Pruett, *Id.* 917.    A party permitting a judgment to be taken

against him by default may have the default set aside and defend on its merits. Clendenning v. Crawford, 7 Neb. 474; Strine v. Kingsbaker, 12 Id. 52; Drayton v. Deleware, 16 Ia. 44; Trullinger v. Todd, 5 Or. 36; Long v. Sharpe, *Id.* 438.

FULLER, J. This is an appeal from an order of the circuit court, denominated a "judgment," which in effect, denies an application for a writ of *certiorari* to review the records and proceedings of a justice of the peace in an action in which a manifestly erroneous judgment by default was rendered against plaintiff in this proceeding, upon his promissory note for $100, and wherein it was adjudged that the defendent had secured. by false pretenses, certain goods, for which said note was executed. The view which we are inclined to take of the case requires but an incidental consideration of the case upon its merits.

Under section 5507 of the Compiled Laws, a writ of *certiorari* may be granted, in a case like the present, if there is "no appeal, nor in the judgment of the court, any other plain, speedy and adequate remedy." Section 6129, *Id.*, provides that "any party dissatisfied with a judgment rendered in a civil action in a justice's court, may appeal therefrom to the circuit court of the county or subdivision, at any time within thirty days after the rendition of the judgment"; and, under section 6130, he may appeal on questions of law alone.

The justice of the peace, having jurisdiction of the person of the defendant and the subject-matter, rendered a final judgment with which the defendant was dissatisfied. It was stated in the summons—the only notice defendant had of the pendency of the suit—that plaintiff claimed to recover $100 upon a promissory note and that, unless he appeared and answered, plaintiff would take judgment therefor by default. Upon the return day, defendant being in default, a judgment was entered for the amount claimed in the summons, and it was further adjudged that the goods in settlement for which the note was executed were obtained under false pretenses; and the effect of such judgment, if sustainable, is

to deprive the defendant of his statutory exemptions under section 5139 of the Compiled Laws.   Although it may be true that, by allowing judgment to be taken against him by default, he has waived his right to raise and litigate on appeal such issues of fact as might have been tried in the court below, under the notice contained in the summons there is an error of law in the final judgment as prejudicial to him as though issues of fact had been raised and tried to the court or jury; and, in our opinion, the statute which allows any party dissatisfied with a judgment rendered in a justice's court to appeal therefrom is broad enough, in the entire absence of any statutory restriction or exception as to default judgments, to authorize an appeal to a court having power to review and correct such error.   The judgment in the case under consideration was final, and, as the statute has made no distinction between judgments by default and judgments upon a trial, we conclude that an appeal may be taken from either.   Since the decision in the case of Stevens v. Ross, 1 Cal. 94, that court has, with uniformity, so held.   In Hallock v. Jaudin, 34 Cal., at page 172, that court, in support of the proposition, said:   "As to the right of appeal, there is no distinction between judgments by default and judgments after issues joined and a trial.   The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments, without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments as well as the latter.   This is too plain for argument, and we do not hesitate to declare that all cases which are to the contrary are unsupported by any provision of the law by which the jurisdiction and practice of this court is regulated.   To hold otherwise would be to create a distinction where the law has not, which we have no power to do.   There are some cases, no doubt, which support the theory of the learned counsel for the respondents, but we have no respect for them."   See, also, Rickey v. Superior Court, 59 Cal. 661; Burnham v. Turner, 14 Wis. 622; State v. Goodrich, 15 Wis. 442; Lauferty v. Prickett, 50 Ind. 24; Butler v. Heeb, 38

Iowa, 429; Railway Co. v. Forbes, 37 Kan. 445; 15 Pac. 595; Pearson v. Carson, 69 Mo. 569; 12 Am. & Eng. Enc. Law, 483, and cases there cited. Moreover, section 5507 of the Compiled Laws affords "a plain, speedy and adequate remedy" in case a judgment by default is taken against a party by mistake, surprise, inadvertence, or excusable neglect. Had appellant made a timely and proper application, the justice of peace, under the above section, is expressly authorized to vacate the judgment upon such terms as may be just, and allow him to answer and defend. It therefore follows that the circuit court did not abuse its discretion in denying the writ of *certiorari*, and the judgment appealed from is affirmed.