(66 N. W. Rep. 234.)

---

## R. S. LEWIS *vs.* R. GALLUP.

Opinion filed April 16th, 1896

### Certiorari—When Not Proper Remedy.

> *Certiorari* is not the proper remedy to correct an error of law arising at a trial before a justice of the peace in any case where the ordinary remedy by appeal would be available.

### Remedy by Appeal.

> Where a defendant appeared by an attorney before a justice of the peace upon the return day, and such attorney asked to have his appearance entered by the justice in his docket, and the justice refused to do so, and proceeded to enter judgment against the defendant as for a default in his appearance, *held*, that the action of the justice of the peace could have been reviewed by an appeal upon questions of law, after settling and filing a statement with the justice setting out the facts of such appearance. *Certiorari* will not lie in such a case.

Appeal from District Court, Cass County; *McConnell*, J.

*Certiorari* on the petition of R. S. Lewis against R. Gallup, justice of the peace, and O. G. Barnes, sheriff. Writ quashed, and petitioner appeals.

Affirmed.

*Ball, Watson, & MaClay*, for appellant.

*Certiorari* is the proper remedy. The judgment being rendered as by default it is doubtful whether appellant could have appealed at all. 2 Enc. Pl. & Pr. 102; *Wiggins* v. *Henderson*, 36 Pac. Rep.

459. The appeal or remedy which will prevent the issue of the writ of *certiorari* must be one which will set aside and annul the void proceeding of which the petitioner complains. *Memphis Ry. Co.* v. *Brannum*, 11 So. Rep. 386; *State* v. *Evans*, 13 Mont. 239, 33 Pac. Rep. 1010; *State* v. *Case*, 37 Pac. Rep. 95. The statute allowing the justice to relieve a party from a judgment taken against him by default in cases of mistake, surprise or excusable neglect is not an adequate remedy. And appellant was not bound to resort to this remedy, which not only puts him in the attitude of one confessing himself in error, but also imposes on him a monetary penalty. *Hawkeye Ins. Co.* v. *Judge*, 25 N. W. Rep. 117; *Callahan* v. *Judge*, 44 N. W. Rep. 892.

*Bartlett & Lovell*, for respondents.

The hearing upon the return of the writ should be confined to the assignments of error. *Blood* v. *Westbook*, 50 Mich. 443, 15 N. W. Rep. 544; *Witherspoon* v. *Clegg*, 42 Mich. 484, 4 N. W. Rep. 209; *Territory* v. *O'Hare*, 1 N. D. 30, 44 N. W. Rep. 1003; *Davis* v. *Lang*, 153 Ill. 175; *Erck* v. *Omaha Nat. Bank*, 62 N. W. Rep. 67; *Little* v. *Little*, 2 N. D. 175. The docket of the justice shows a valid judgment and it cannot be impeached in a *certiorari* proceeding. *In re Evingson*, 49 N. W. Rep. 733. *Certiorari* will not lie, when there is an appeal or any other plain speedy and adequate remedy provided by law. *Perrott* v. *Owen*, 64 N. W. Rep. 526; Sec. 5507, Comp. Laws; *Saunders* v. *Seed Co.*, 24 Pac. Rep. 532; *Sioux Falls Nat. Bank* v. *McKee*, 50 N. W. Rep. 1057, 3 S. D. 1; *Fall* v. *Moore*, 48 N. W. Rep. 404; *State* v. *Wischstadt*, 57 N. W. Rep. 477; *State* v. *State Board*, 53 N. W. Rep. 192; *Railroad Co.* v. *Christian* 1 S. W. Rep. 121. In the case at bar appellant could have appealed from the judgment. Sections 6129, 6130, Comp. Laws; 12 Am. and Eng. Euc. L. 483; *Perrott* v. *Owen*, 64 N. W. Rep. 526. Even though the judgment was void. *Sioux Falls Nat. Bank* v. *McKee*, 3 S. D. 1, 50 N. W. Rep. 1057. Or he could have made a timely application to the justice to open the judgment.

Section 6065, Comp. Laws; *Perrott* v. *Owen*, 64 N. W. Rep. 526.

WALLIN, C. J. The controlling facts in this record are as follows:

This proceeding was initiated by an affidavit filed in said District Court, couched in the following words and figures:

"State of North Dakota, County of Cass—ss.: H. C. Southard, being first duly sworn, on oath says that on the——day of May, 1894, R. S. Lewis was served with a summons in an action wherein George M. Babcock was plaintiff and said Lewis was defendant, commenced before one R. Gallup, as justice of the peace in and for said county, which summons was returnable May 7th, 1894, at 10 o'clock A. M.; that, upon the return of said summons, C. R. Meredith, a citizen of the City of Casselton, in said county, and Pollock & Scott, attorneys of the said county and state, severally and separately tendered an appearance in said action on behalf of said Lewis, but that said justice of the peace refused to allow either said Meredith or said Pollock & Scott to appear by or on behalf of said Lewis, and refused to enter any appearance by or on his behalf; that thereupon said Gallup entered a pretended judgment in favor of said George M. Babcock, and against said Lewis, as upon default, in the sum of sixty dollars ($60) principal and interest, and twelve dollars ($12) costs, making the total of $72; that said action was brought in claim and delivery for the return of certain property in said summons described, or the value thereof; that, as affiant is informed and believes, said Gallup entered said judgment as aforesaid, without hearing or demanding any evidence whatever upon the part of the plaintiff; that said George M. Babcock has caused to be issued an execution, under the hand of said justice and in said action, and has placed the same in the hands of the sheriff of said county for service. Affiant further says that said Lewis has stated his case to him, and that he verily believes that said Lewis has a good and sufficient defense upon the merits to said action brought by said Babcock as aforesaid; that the application of said Lewis for a writ of *certiorari* is not for the purpose of delaying or hindering

said Babcock from the collection of any just claims; and that said Lewis has no plain, speedy, or adequate remedy by writ of error, appeal, or otherwise."

Whereupon said District Court issued its writ of *certiorari* to said justice of the peace, and to said sheriff. To this writ said justice of the peace made due return to the District Court, as follows:

"GEORGE M. BABCOCK, *Plaintiff,* *vs.* ROBERT S. LEWIS, *Defendant.*
"Before R. GALLUP, *Justice of the Peace* within and for Cass County.

"To Walter W. Smith, Esq., Clerk of the District Court, County of Cass, and State of North Dakota, Third Judicial District—Sir: In compliance with the annexed order of the District Court of the Third Judicial District in and for said County, I herewith make return to you of all proceedings had before me as a duly elected and qualified justice of the peace, within and for the County of Cass, State of North Dakota, in the case of *George M. Babcock, Plaintiff* v. *Robert S. Lewis, Defendant*, together with all papers in said cause which are herewith attached and marked consecutively A, B, C, D, and E.

"R. GALLUP,
"*Justice of the Peace.*

"This action was brought for the recovery and possession of five ewes and one buck, together with the natural increase of said buck and ewes, or the sum of sixty dollars, the value thereof, in case a delivery cannot be had; said sheep having been taken from said plaintiff by said defendant.

"Summons issued May 1, 1894; service made on defendant by A. Gallup, a constable of Cass County, N. D.; and return made therein.

"Summons made returnable May 7, at 10 A. M. The following conciliators were subpœnaed to act, and appeared in the above action: F. T. Buckholz and J. R. Pollock.

"May 7, 1894, at 10 A. M., case was called. Plaintiff in court, and after waiting for one hour, defendant not appearing either in

person or by an agent, duly authorized in writing to appear, due proof being made, judgment was rendered by default in favor of plaintiff by the court, for the relief demanded in complaint, to-wit, that plaintiff recover of the defendant the possession of the property described in the summons and complaint, or the value thereof, hereby fixed at sixty dollars, in case a delivery cannot be had, and the costs hereby taxed at thirteen dollars ($13.)

"R. GALLUP,
"*Justice of the Peace.*
"F. T. BUCKHOLZ,
"J. R. POLLOCK,
"*Conciliators.*

"Given under my hand, this 7th day of May, 1894.

"R. GALLUP,
"*Justice of the Peace.*

"State of North Dakota, County of Cass—ss.: I, R. Gallup, do solemnly swear that the within and foregoing is a true and correct report of all proceedings had before me in the within entitled cause of action, in which *George M. Babcock* v. *Robert S. Lewis* is interested; also, of all judgments and disposition thereof, and an itemized account of witnesses' fees, justice fees, and fees of jurors, and of other officers therein, as it appears of record in my justice docket, on page 5.

"R. GALLUP,
"*Justice of the Peace* within and for said County of Cass."
(Duly verified.)

In the margin of the justice's return, included as a part thereof, was the following statement of costs: "Justice's fees, $2.75; conciliators' fees, $2.20; constable's fees, $2.05; attorney's fees, Bartlett & Lovell, $6.00." Appended to the above return, as a part thereof, and marked "Exhibit A," was the summons issued by the justice in the case of *Babcock* v. *Lewis*, being the general form of summons used in Justice's Courts, and having indorsed upon it the names of Messrs. Bartlett & Lovell, as the plaintiff's attorneys, and the officer's return of service, showing the service

on defendant May 2, 1894. Next, marked "Exhibit B," followed a subpœna issued to J. R. Pollock and F. T Buckholz, requiring them to appear on the return day of the summons, to act as conciliators in said case, and officer's due return of service. Next, marked "Exhibit C," followed an execution issued out of the Justice Court upon the judgment in said cause, dated May 17, 1894, containing description of the property described in summons, and having attached to it the officer's return of the same, that he had made due and diligent search for the property described in said execution, and had been unable to find the same, and "wholly unsatisfied." Upon such return, the matter came on to be heard before the District Court, and that court, after hearing counsel, made its final order in the proceeding quashing said writ. From this order, Robert S. Lewis has appealed to this court.

In presenting the case to this court, the arguments of the respective counsel have taken a wide range, but, in the view we have taken of the record, we deem it unnecessary in disposing of the case to pass upon more than a single feature. In resorting to the *certiorari* proceeding, we are of the opinion that the appellant has mistaken his remedy. Section 5507 of the Comp. Laws (which was in force when the proceeding was heard below) explicitly declares that this writ is available only in cases where "there is no writ of error or appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy." In some of the states this ancient writ is regularly employed as a means of bringing up a record from an inferior to a superior court for review. Such is not its office in this state. In this jurisdiction, cases are regularly brought from a Justice's Court to the District Court by appeal, under an appeal statute so framed as to facilitate the review of all questions, whether of law or fact, arising in the Justice's Court. The remedy by appeal is familiar to the profession, and one which has been constantly employed in this jurisdiction. We can see no reason why an appeal was not resorted to in this case. The statute, in our judgment, was available to the appellant, and was perfectly adapted to meet the exigency

presented by the facts occurring in the Justice's Court, as such facts are set out in the affidavit filed as a foundation for the writ of *certiorari*. The affidavit states "that, upon the return day of said summons, C. R. Meredith, a citizen of the City of Casselton, in said county, and Pollock & Scott, attorneys of said county and state, severally and separately tendered an appearance in said action on behalf of said Lewis, but that said justice of the peace refused to allow either said Meredith or said Pollock & Scott to appear for or on behalf of said Lewis, and refused to enter an appearance by or on his behalf; that thereupon said Gallup entered a pretended judgment in favor of said George M. Babcock, and against said Lewis, as upon default," etc. The justice's docket corroborates the statement made in the affidavit in so far as it shows that default judgment was in fact entered against the defendant on the return day named in the summons.

Upon this state of facts, appellant argues that it was manifest error to enter a default judgment against him, because, as he contends, there was no default in appearance on his behalf, inasmuch as he did actually appear in said action, at the proper time, and in the proper manner, and that the justice erred in refusing to enter such appearance upon his docket. To meet this argument, the respondent contends that the facts set out in the affidavit, and relied upon by appellant, as constituting an appearance in the action before the justice, fall short, and do not constitute an appearance, within the meaning of the law. In support of this contention the respondent calls attention to the record, and cites Ch. 45, Laws 1893, which was in force at the time in question, to show that the justice of the peace, in all that he did, was acting under and in conformity to said statute, and that the judgment entered was regular and valid, under the provisions of that statute. The statute in question creates a tribunal called commissioners of conciliation, directs how and when and where such tribunal shall be called together, and prescribes the proceedings to be had before it when it is convened. Construing this statute, it is respondent's contention that neither party to the

action can appear and litigate the action proper before the justice of the peace, except upon the condition that he had first appeared before the board of conciliation, and that inasmuch as the appellant does not show or claim that he appeared before such board, or attempted to do so, he was legally in default, despite the fact that he did appear before the justice in manner and form as the law directed, before the statute in question was enacted. We are inclined to agree with the appellant's construction of the statute, but we shall not place our ruling upon that ground. In our opinion, it does not at all matter which view of the statute is the correct one. In either view, the appellant would have an unassailable right to have the facts upon which he relies as constituting an appearance in the action presented to the District Court, and have the point in controversy decided by that court. But the record of the justice fails to disclose whether the defendant appeared or did not appear in the action proper. The acts of the defendant relied upon as constituting a legal appearance in the action upon the return day are not set out in the docket. The entry is that the defendant did not appear, "either in person or by an agent duly authorized in writing to appear." We construe this language as having reference only to an appearance before the commissioners, inasmuch as the statute authorizes an appearance before that body only in person, or by an agent thereto authorized in writing.

It follows that the record as made up by the justice fails to set forth that certain facts, claimed to be vitally important, took place on the return day; *i. e.* the facts set out and relied upon by appellant as constituting his appearance in the action. It was requisite to a decision of the dispute in the District Court that these omitted facts should be brought upon the record of the proceedings in the Justice's Court. But how? This question is readily answered by reference to the statute regulating appeals to the District Court from Justice's Courts upon questions of law. If an error was made by the justice of the character complained of, it was manifestly an error of law; and, to correct it, an appeal

upon questions of law was the appropriate statutory remedy. . In such case, section 6130, Comp. Laws, provides for making and filing a statement of the case. Such "statement must contain the grounds upon which the party intends to rely on appeal." Under this statute, the facts relied upon as constituting a valid appearance in the action could have been brought upon the record of the proceedings had before the justice; and, upon an appeal upon questions of law, the point in dispute could have been adjudicated in the District Court. See *Perrott* v. *Owen*, (S. D.) 64 N. W. 526. The law therefore provided a remedy by appeal to correct the alleged error, and we are unable to discover wherein such an appeal would not have been adequate, or, at least, as adequate as such remedy ever is to correct an alleged error of law occurring in a Justice's Court. Another adequate remedy having been provided, it was not error in the court below to quash the *certiorari* proceeding, and therefore the order appealed from must be affirmed.

We remark, finally, that we deem it unnecessary to place a construction upon the statute creating tribunals of conciliation. It has been materially modified by subsequent legislation. See section 6796, Rev. Codes. We merely remark that, in our opinion, the statute did not embody or carry out the provision found in section 120 of the state constitution. That section of the organic law contemplates the establishment of a tribunal which, by the agreement of parties, would possess the power to determine a controversy, and to render a valid and binding judgment therein. The statute in question created no such tribunal. Under it, the commissioners of conciliation could render no judgment whatsoever. They were not clothed with authority to enter a binding judgment under any circumstances. The only judgment authorized by the statute was a judgment to be entered by the justice of the peace upon the agreement of the parties, such judgment to be evidenced by the signature of the parties appended to the judgment so entered. All concur.