THE ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY CO., A CORPORATION, v. ROBERT B. BLAKEMORE ET AL., DEFENDANTS, AND THE COUNTY OF CASS, IN THE STATE OF NORTH DAKOTA, A MUNICIPAL CORPORATION, INTERVENOR.

Opinion filed Feb. 1, 1908.

### Certiorari — When Granted.

1. Under section 7811, Rev. Codes 1905, a writ of certiorari will not be granted in any case, unless the inferior court, officer, board, or tribunal has exceeded its jurisdiction, and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy.

### Same — Remedy By Appeal — Condemnation Proceedings.

2. Construing said section, it is *held* that an order made after judgment in a condemnation suit, by the terms of which order the clerk is directed to retain in his possession certain moneys paid to him in satisfaction of such judgment until the final determination of a certain tax proceeding pending in such court under the Wood law, wherein Cass county as plaintiff seeks to recover certain delinquent taxes claimed to be a lien against the property thus condemned, is an appealable order, and hence the proper remedy for a review of said order is by appeal and not by certiorari. *Held*, further, that the district court did not exceed its jurisdiction in making a similar order in the tax case wherein these petitioners were defendants, and hence petitioners have mistaken their remedy in applying for the writ aforesaid.

Application by the St. Paul, Minneapolis & Manitoba Railway Company for writ of certiorari to Robert B. Blakemore and others. The county of Cass intervenes.

Writ denied.

*Engerud, Holt & Frame,* for appellant.

Payment of a judgment ends litigation and subsequent orders are void. Rev. Codes 1905, section 7346; Signor v. Clark, 13 N. D. 36, 99 N. W. 68; Dows v. Meyer, 14 N. Y. 527; Northwestern Tel. Co. v. N. P. Ry. Co., 9 N. D. 339, 83 N. W. 215; Bolton v. Donovan, 9 N. D. 575, 84 N. W. 357; McMahon v. Allen, 12 How. Pr. 45; Sawyer v. Chambers, 11 Ab. Pr. 710.

Intervention cannot be made after judgment. Carey v. Brown, 58 Cal. 180; Owens v. Colgan, 32 Pac. 519; Laugenour v. Shanklin, 57 Cal. 70; Hocker v. Kelley, 14 Cal. 165.

The same presumption and verity apply to judgments in condemnation proceedings as in matters of general jurisdiction. Porter v. Purdy, 29 N. Y. 109; Oberfelder v. Railway Co., 33 N. E. 937; New Madrid Co. v. Phillips, 28 S. W. 321; Burke v. City of Kansas City, 24 S. W. 48; Dunlap v. Fulley, 28 Iowa, 469; Gilkey v. Watertown, 5 N. E. 152; Clark v. Drain Com., 16 N. W. 167; State v. Kinney, 39 Iowa, 226; Hankins v. Calloway, 88 Ill. 155.

Unless set aside by a direct attack a judgment is binding upon all persons. New Richmond Co. v. Phillips, supra. Porter v. Purdy, supra.

County cannot enforce collection of taxes other than by the summary process provided by law. McHenry Co. v. Kidder County, 8 N. D. 413, 79 N. W. 875; Brule Co. v. King, 77 N. W. 107; Cass Co. v. Beck, 41 N. W. 200.

Montezuma v. Bell, 20 Colo. 175; Faribault v. Misener, 20 Minn. 396; City of Camden v. Allen, 26 N. J. L. 398; Andover Turnpike v. Gould, 6 Mass. 39; Crapo v. Stitson, 49 Mass. 393; Cooley on Taxation, page 19 N. 1, and 829, N. 2.

This remedy is not impaired by a condemnation suit to which county is not a party. Harris v. Brewster, 25 Atl. 829; Detroit v. Detroit, etc., Ry., 12 N. W. 904; State v. Eastern Ry. Co., 36 N. J. L. 181.

*Murphy & Duggan,* for plaintiff. *Barnett & Richardson,* for intervenor.

Where mortgaged premises are converted into money by condemnation proceedings, mortgagee's position is unaltered and he is

entitled to the money as the equivalent of the land. Platt v. Bright, 31 N. J. Eq. 81; Sherwood v. City, 10 N. E. 89; Bank v. Roberts, 44 N. Y. 192; Ball v. Green, 90 Ind. 75; Calumet v. Brown, 26 N. E. 501; R. R. Co. v. Chamberlain, 84 Ill. 333; Commissioners v. Todd, 112 Ill. 379; Union Mutual Life Ins. Co. v. Slee, 12 N. E. 543; Omaha v. Reed, 96 N. W. 276; Thompson v. Ry. Co., 19 S. W. 77; Ahlhauser v. Doud, 43 N. W. 169.

FISK, J. We are asked by these proceedings to issue a writ of certiorari, directed to the judge and clerk of the district court of Cass county, requiring them to certify to this court certain records for review. The apparent object aimed at is to have reviewed certain orders made by the district court in two separate actions in that court. Strictly speaking, two applications should have been made; but we will dispose of the application upon the merits, as the orders which it is sought to have reviewed relate to the same subject-matter. The facts are fully set forth in the petition for the writ, which petition is as follows:

"To the Honorable the Supreme Court of North Dakota:

"Comes now your petitioners and show to the court: That Robert B. Blakemore is the duly appointed, qualified and acting executor, and that Laura B. Kedney is the duly appointed, qualified, and acting executrix of the last will and testament of Louis A. Kedney, deceased. That on or about the 27th day of October, 1905, the heirs of said Louis A. Kedney, deceased, were the owners in fee simple of the following described property, to wit: Lot A of Magill's subdivision of lots one (1) and two (2) in block thirty-three (33) of Keeney and Devitt's second addition to the city of Fargo, North Dakota. That on said date proceedings were started in the district court of the Third judicial district in and for the county of Cass and state of North Dakota to condemn said property. In said proceedings the St. Paul, Minneapolis & Manitoba Railway Company, a corporation, was plaintiff, and Robert B. Blakemore and Laura B. Kedney, as executors of the last will and testament of Louis A. Kedney, deceased, Ole H. Nelson, Lewis E. Nelson, Earl Fleming, Matt Mattson, Laura B. Kedney, Fred S. Kedney, Harry S. Kedney Louis S. Kedney, minors, and Laura B. Kedney, as guardian of said minors, were defendants. That said Laura B. Kedney is the widow, Fred S. Kedney, Harry S. Kedney, and Lewis S.

Kedney are the sons, of said Louis A. Kedney, deceased. That said defendants, Ole H. Nelson, Lewis E. Nelson, Earl Fleming and Matt Mattson were the owners of other real property which the plaintiff was seeking to condemn, but had no interest whatever in said lot A, and have not been in any way involved in any of the proceedings had in said case since the entry of judgment therein. That said cause was duly tried, and the value of said lot A was assessed by the jury at $900, and judgment was thereupon and on the 18th day of January, 1906, entered in said cause condemning said lot A to the use and benefit of said plaintiff, and decreeing that the plaintiff pay to said Robert B. Blakemore, as executor, and said Laura B. Kedney, as executrix, the sum of $959.70, principal and costs. That thereafter and on the 19th day of January, 1906, the said plaintiff deposited in said district court for said defendants Blakemore and Kedney said sum of $959.70. That theretofore and on the 18th day of January, 1906, a final order of condemnation was made condemning said lot A in fee to the use of plaintiff in its railway business, which said judgment of condemnation and final order of condemnation are hereto attached and marked 'Exhibit A.'

"That on said 18th day of January, 1906, the county of Cass filed in this case a petition in which it alleged it was the owner of certain taxes against said lot A, which amounted to the sum of $439.13 ,and claimed a lien on said fund so paid into court as aforesaid, and prayed that $439.13 of said fund be distributed to it in payment of said taxes. In this petition the said plaintiff, St. Paul, Minneapolis & Manitoba Railway Company, joined and asked that the money so paid into court be distributed as in said petition requested, and thereupon and on the 18th day of January, 1906, the court issued an order to said defendants Blakemore and Kedney, your petitioners, to show cause why the said petition should not be granted. A copy of said order to show cause and of said petition is hereto attached and marked 'Exhibit B.' That on or about the 14th day of August, 1903, the said county of Cass commenced an action under chapter 161, p. 213, of the Laws of 1903, to collect the delinquent taxes against said lot A, which taxes are the same as those referred to in the paragraph next preceding this, and within the time allowed by law said defendants Blakemore and Kedney duly answered, denying the validity of said taxes, and although said suit has been at issue for more than three years, said

Cass county has not placed it upon the calendar or taken any other steps to bring it to trial. That on the 30th day of January, 1906, said Cass county filed in said last-mentioned suit a petition setting up the condemnation of said lot A by the plaintiff railway company, the payment into court of the said sum of $959.70, the fact that it was not a party to said condemnation suit, but that it acquiesced in the judgment rendered therein, and praying that a receiver be appointed to hold enough of the moneys in the hands of the clerk of court of said Cass county to pay the taxes sued on in said cause, and thereupon and on the 30th day of January, 1906, said court issued its order to the defendants Blakemore and Kedney, your petitioners, to show cause why such receiver should not be appointed. Said petition and order are hereto attached and marked 'Exhibit C.'

"That theretofore and on the 29th day of December, 1906, the said plaintiff, St. Paul, Minneapolis & Manitoba Railway Company, secured an order from the said district court of Cass county permitting it to intervene in the said action of Cass county to collect the said taxes on said lot A, as defendant. A copy of said order of intervention and the answer in intervention of said Railway company is hereto attached and marked "Exhibit D." That on the same day in which it was permitted to intervene in said suit of Cass county said railway company served on the said Blakemore and Kedney notice of intention to move the said court that the money awarded said Blakemore and Kedney be retained by the court pending the determination of the said suit of Cass county for the collection of said taxes, and that it be distributed as prayed for in the petition of said Cass county above referred to. Said notice, together with the affidavit of C. J. Murphy on which the said notice was based, and the affidavit of R. B. Blakemore in reply thereto, are hereto attached and marked 'Exhibits E and F,' respectively. That said orders to show cause and said motions came duly on to be heard, and were disposed of on the documents hereinbefore enumerated, no other evidence being submitted to the court. But during the hearing thereof the judge of said court stated in open court that while the said condemnation suit was being tried his attention was called to the fact that Cass county had a claim against said lot A for taxes, and he thereupon, and while the trial of said condemnation suit was in progress, brought this knowledge to the attention of W. H. Barnett, Esq., the state's attorney of said

Cass county, and said that Cass county should intervene in said condemnation suit if it had any claim for taxes on said property.

"On the 28th day of January, 1907, said court entered its order on said orders to show cause and said motions to the effect that the sum of $439.13 be retained by the clerk of said court until the termination of said suit of Cass county to collect its taxes against said lot A; that the balance of said fund be paid over to said Blakemore and Kedney, and that the county of Cass be interpleaded in said condemnation suit as of December 16, 1905, to which order said Blakemore and Kedney duly excepted. A copy of said order is hereto attached and marked 'Exhibit G.' That thereafter and on the 14th day of February the judge of said district court made a further order directing that the sum of $439.13 of said award be held by the clerk of said court until the determination of the said suit of Cass county to enforce its claim for taxes against said lot and that the moneys so held be applied in payment of such tax claims as may be established by Cass county in its said suit. A copy of said order is hereto attached and marked 'Exhibit H.' That said court now has in its possession and custody the whole of said sum of $959.70. That the judgment rendered in said condemnation suit has not been appealed from or modified in any manner but stands in all respects as originally entered, and more than a year has elapsed since the entry thereof. That said order of said district court was and is illegal and void, and in excess of the jurisdiction vested in said court in this to wit: (1) That said order permits the said county of Cass to enforce its claims for taxes against said lot A in a manner not authorized by law. (2) That the order of the district court complained of amounts to a modification of said judgment of condemnation by a collateral proceeding on the demand of a person not a party to the cause in which said judgment was entered. (3) That said order wrongfully withholds from said Blakemore and Kedney the sum of $439.13. (4) That said order wrongfully interpleads as a party defendant in said condemnation suit said Cass county nunc pro tunc as of December 16, 1905.

"Wherefore these petitioners pray that the Honorable the Supreme Court of the state of North Dakota vacate, annul and set aside said unlawful order and proceedings, and if need be that it issue out of said court appropriate writs directed to the judge and clerk of the district court of the said Cass county, requiring them to certify to said Supreme Court all the records, papers and facts

in the matter herein complained of to the end that it may be fully informed in relation to said matter, and to grant such other relief from said order and proceedings as justice and law may require.

"Engerud, Holt & Frame,

"Attorneys for Petitioners."

In opposition to the granting of the writ it is urged among other things that it is not a proper case for the exercise by this court of its original jurisdiction. Have the petitioners for the writ invoked the proper remedy? If we are required to answer this question in the negative it will be unnecessary as well as improper to notice other questions involved. Petitioners' counsel evidently entertained some doubt as to the propriety of the remedy for they also perfected appeals to this court from the orders complained of, which appeals are now pending. Section 7810, Rev. Codes 1905, provides, in substance, that such writ may issue when inferior courts, officers, boards or tribunals have exceeded their jurisdiction, and there is no appeal, nor any other plain, speedy and adequate remedy. It is therefore apparent that the remedy by certiorari is not authorized in any case where there is a remedy by appeal. This statutory provision is so plain that its meaning is not open to question. See, however, Lewis v. Gallup, 5 N. D. 384, 67 N. W. 137, wherein this court had occasion to construe and enforce it in accordance with the views above expressed; the court holding that the writ of certiorari is not the proper remedy for the correction of errors of law, the proper remedy being an appeal. See, also, the following authorities decided under a statute identically the same as our own: Newman v. Superior Court, 62 Cal. 545; Noble v. Superior Court, 109 Cal. 523, 42 Pac. 155; Central Pacific R. Co. v. Placer Co., 46 Cal. 667; Sayers v. Superior Court, 84 Cal. 642, 24 Pac. 296; Sherer v. Superior Court, 94 Cal. 354, 29 Pac. 716.

It only remains for us to determine, therefore, whether the orders complained of are appealable. As disclosed by the application for the writ, it appears that one of the orders complained of was made in the condemnation action. This order was made after judgment was entered, and after the amount of such judgment had been paid to the clerk, and by the terms thereof Cass county was made a party, and the clerk was directed to retain of the money paid pursuant to the judgment the sum of $439.13, being the amount of

the taxes claimed to be due the county of Cass on the property condemned in said action. This order recites upon its face that it was made nunc pro tunc as of December 16, 1905, the said judgment having been entered on January 18, 1906. Without intimating an opinion regarding the validity of this order, we are entirely clear that the same was appealable, and hence it cannot be reviewed by certiorari. It is "a final order affecting a substantial right, * * * made upon a summary application in an action after judgment," and hence was appealable under subdivision 2, section 7225, Rev. Codes 1905. See Greeley v. Windsor, 2 S. D. 361, 50 N. W. 630; Lewis v. Ry. Co., 97 Wis. 368, 72 N. W. 976; Weber v. Tschitter, 1 S. D. 205, 46 N. W. 201; 2 Cyc. 600, note 34 and cases cited. It was also appealable under subdivision 4, section 7225, Rev. Codes, which provides for an appeal from an order "when it involves the merits of an action or some part thereof." See Holmes v. Campbell, 13 Minn. 66 (Gil. 58); North v. Webster, 36 Minn. 99, 30 N. W. 429; People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219. In the latter case, in construing a statute the same as our own, it was said: "A final judgment determines the rights of the parties to the action, and any order which vacates or modifies it necessarily affects the legal rights of the party in whose favor it is, and hence involves the merits of the action." In Greeley v. Windsor, supra, the Supreme Court of South Dakota held, and we think properly, that an order granting the defeated party a right to file an amended pleading after judgment without vacating the judgment, "involves the merits of the action," and is appealable. This court, in Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357, held that an order bringing in an additional party defendant is appealable.

We have no difficulty, therefore, in reaching the conclusion that the petitioners have mistaken their remedy in so far as the order made in the condemnation suit is concerned. The other order which it is sought to have reviewed was made in the tax case brought under the so-called Wood law, by Cass county to collect these taxes. This order directed the clerk of court to retain out of the money held by him in the condemnation suit the sum of $439.13 until the final determination of the tax litigation. We think the court had jurisdiction to make the order as it did. While these tax proceedings are in a sense purely statutory, we think the court before which such a proceeding is pending has the inherent power to make such orders as it deems necessary during the pendency of the proceed-

ings to render effectual any judgment which may be recovered therein. The money was in the possession of the court through its clerk, and all the persons in any manner interested in such fund were before the court as parties to the tax proceedings. The plaintiff (Cass county) was seeking to enforce certain alleged tax liens against the property, and it had a right to resort to such fund, which was the proceeds of such property, in lieu of the property, to satisfy any judgment it might recover. We are unable to distinguish this case on principle from the case of Platt v. Bright, 31 N. J. Eq. 81, wherein that court took occasion to say: "Where mortgaged premises are converted into money by virtue of condemnation proceedings, the rights of the mortgage remain unaltered, and he is entitled to the money as an equivalent for the land. And, where the full value of the land has been awarded and paid into this court, equity will protect the condemnor against the lien of an encumbrancer who has not been made a party to the proceedings. * * * The power to extend such protection * * * is inherent in this court." In that case the same contention was made by the mortgagors with reference to their right to the money awarded in the condemnation suit as is made by these petitioners. As stated by the court: "The claim made by Mr. and Mrs. Bright (the mortgagors) is placed wholly upon merely legal grounds. The argument is that, because the award is to them, therefore the money is to be paid to them, at all events, and in utter disregard of any claim under the mortgage. To the suggestion that the mortgagee has an equitable lien on the money arising from the condemnation proceedings, it is replied that the mortgagee's lien upon the land condemned is not affected by the proceedings of condemnation, and that therefore Mr. and Mrs. Bright are to have the award, the full value of the land taken and damaged, and that the company is to protect itself as best it may against the mortgage. Such a position can not be supported in a court of conscience. It is impossible to conceive how they can be injured by applying the money, if their absolute right to it be admitted, to the payment of their debts. * * * They ask substantially that the money received from the condemnation of the mortgaged premises be paid over to them notwithstanding and in utter disregard of any claim of the mortgagee thereon under the mortgage, and that he be compelled to have recourse to the rest of the premises for the payment of his debt, and, if that be insufficient for the purpose, then to the land con-

demned. The mere statement of the proposition demonstrates its inequitable character and its inadmissibility."

The rule thus announced is, in our opinion, clearly sound, and is amply supported by numerous authorities cited in the opinion.

It follows from what we have above stated that the writ prayed for must be denied.

MORGAN, C. J., concurs.

SPALDING, J. (dissenting in part). I concur in the conclusion of my associates that the writ should be deined, but not in the reasons given relating to the last order of the district court, referred to in the opinion.