STATE OF NORTH DAKOTA EX REL. ALFRED BRUNETTE
v. CHARLES A. POLLOCK, Judge of the District Court of Third Judicial District.

(160 N. W. 511.)

Certiorari — writ of — cause — inferior court — officer — board — or tribunal — jurisdiction — exceeded — appeal — none — other remedy — plain — speedy — adequate.

1. Under § 8445, Compiled Laws 1913, a writ of certiorari will not be granted in any case unless the inferior court, officer, board, or tribunal has exceeded its jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy.

Certiorari — final order — judgment — correctness — review of — remedy — not proper one — appeal available.

2. Certiorari is not the proper remedy to review the correctness of a final order or judgment in a mandamus proceeding, inasmuch as the ordinary remedy by appeal is available.

Opinion filed December 20, 1916.

Application by Alfred Brunette for writ of certiorari.

Writ denied.

*A. T. Cole* for petitioner.


PER CURIAM.

We are asked by the petitioner herein to issue a writ of certiorari directed to the judge and clerk of the district court of Cass county, requiring them to certify to this court certain records for review. The object aimed at is to obtain the review of a final judgment entered in a mandamus proceeding. It appears that at an election called for the purpose of voting on such question, a majority of the electors of school district No. 40 in Cass county voted in favor of the removal of a school in such district from a certain public schoolhouse, to another building within such district, which latter building, it is claimed, is owned and operated by a sectarian society. It is alleged in the petition herein that the petitioner, being one of the directors of said school district, refused to acquiesce in such removal, and that thereafter a mandamus proceeding was instituted in the district court of Cass county, North Dakota, by the other two directors against the petitioner herein as defendant therein for the removal of such school; that issue was joined in such mandamus proceeding, the petitioner claiming that the removal of the school from the school building where the same had been formerly conducted to the building designated by the electors at such election would be a violation of certain provisions of the Enabling Act and the Constitution; that a hearing was had at which evidence was adduced, and the issues formulated were fully tried; and that after such hearing a final judgment was rendered by the district court, in favor of the plaintiffs in such proceeding and against the petitioner herein as defendant therein, commanding the petitioner, as defendant in such proceeding, to permit the removal of the books, desks, and supplies in the said public school building to the sectarian building designated by the electors at the election.

As already stated, the sole purpose of the writ of certiorari applied for is to obtain a review of the final judgment entered in such mandamus proceeding.

Under the laws of this state Comp. Laws 1913, § 8445 "a writ of certiorari may be granted by the supreme and district courts, when in-

ferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy."

In construing this provision of the statute in St. Paul, M. & M. R. Co. v. Blakemore, 17 N. D. 67, 73, 114 N. W. 730, this court said: "This statutory provision is so plain that its meaning is not open to question. See however Lewis v. Gallup, 5 N. D. 384, 67 N. W. 137, wherein this court had occasion to construe and enforce it in accordance with the views above expressed; the court holding that the writ of certiorari is not the proper remedy for the correction of errors of law, the proper remedy being an appeal."

An appeal lies from the judgment in the mandamus proceeding. Oliver v. Wilson, 8 N. D. 590, 593, 73 Am. St. Rep. 784, 80 N. W. 757. And there can be no question but that the district court had jurisdiction to hear and determine the matters at issue therein. Because under the provisions of § 103 of the state Constitution, the district courts are invested with original jurisdiction, except as otherwise provided in the Constitution, of all causes both at law and equity, and the district courts and the judges thereof have jurisdiction and power to issue original and remedial writs with authority to hear and determine the same. In fact, petitioner makes no contention to the contrary. The only complaint made by the petitioner is that the district court erroneously decided the questions submitted to it for determination in the mandamus proceeding.

A writ of certiorari does not lie under these circumstances. Lewis v. Gallup, and St. Paul, M. & M. R. Co. v. Blakemore, supra; State ex rel. Noggle v. Crawford, 24 N. D. 8, 138 N. W. 2.

Writ denied.