[File No. 6085.]

STATE OF NORTH DAKOTA EX REL. J. G. NESS, Appellant, v. BOARD OF COMMISSIONERS OF THE CITY OF FARGO, NORTH DAKOTA, a Municipal Corporation Organized under and Pursuant to the Laws of the State of North Dakota, and Consisting of the Following Named City Commissioners: A. T. Lynner, President, W. E. Black, A. T. Peterson and F. W. Sheffield, Respondents.

(246 N. W. 243.)

86

Opinion filed December 19, 1932.   Rehearing denied January 14, 1933.

M. A. Hildreth, for appellant.
M. W. Murphy, Attorney, for respondents.

BURKE, J.   John G. Ness, city assessor of the city of Fargo, North Dakota, was, on the 10th day of August, 1931, removed from said office by the Board of City Commissioners.   On a writ of certiorari the district court of Cass County held that the proceedings were null and void and on appeal, by the city to this court, the judgment of the district court was affirmed.   State ex rel. Ness v. Fargo, ante, p. 33, 245 N. W. 887.

On October 30th, 1931, charges were again preferred against Mr. Ness and after a hearing he was removed and again petitioned the district court of Cass County for a writ of certiorari to the Board of City Commissioners and upon hearing thereon the district court denied the writ of certiorari, ordered the proceedings dismissed with prejudice upon the merits, and the plaintiff duly appealed from the judgment entered on said order.

The charges filed against the plaintiff, upon which hearing was had, are the same charges filed against the plaintiff in the first hearing and one additional charge accusing the plaintiff with misfeasance and malfeasance in his conduct of the office of city assessor.

First.   It is the contention of the appellant that the Board of City Commissioners and the court were without jurisdiction to hear and de-

termine the questions involved in the charges for the reason that the charges against the appellant are the same as the charges involved in the first hearing and that the judgment in the first hearing is res adjudicata and cannot be inquired into in the instant case.

There is no merit to this contention for the reason that the judgment in the former proceeding was held to be void and a void judgment is no judgment. Only final legal judgments can be res adjudicata.

Second. The appellant contends that the commissioners could not act as commissioners at the hearing without taking an oath to try the case fairly.

There is no merit to this claim as the statute makes it the duty of the commissioners to act in such hearings and their oath of office is sufficient. State ex rel. Ness v. Fargo, ante, p. 33, 245 N. W. 887.

Third. The witnesses, at the hearing, were sworn by a notary public. It is the contention of the appellant that a notary public has no authority to administer oaths to witnesses. Notaries public, under § 833 of the Compiled Laws of North Dakota for 1913, are given specific authority to administer an oath.

Appellant also claims that the commissioners should have permitted appellant's counsel to examine Commissioner Lynner and Peterson for the purpose of showing that they were prejudiced, but, as stated by the judge of the district court, such rulings do not go to the jurisdiction of the board and cannot be reviewed on writ of certiorari. O'Neill v. Register, 75 Md. 425, 23 Atl. 960; People ex rel. Shannon v. Magee, 55 App. Div. 195, 66 N. Y. Supp. 849.

The only question that can be considered on certiorari is the question of the jurisdiction of the board. The notice required by statute was served upon the appellant; he appeared; witnesses were sworn and evidence was given relating to the charges and witnesses were sworn and testified on behalf of the defendant. It is clear that the Board of City Commissioners had jurisdiction, and further than that the court cannot go on certiorari. St. Paul, M. & M. R. Co. v. Blakemore, 17 N. D. 67, 114 N. W. 730; State ex rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 715; State ex rel. Noggle v. Crawford, 24 N. D. 8, 138 N. W. 2; State ex rel. Brunette v. Pollock, 35 N. D. 430, 160 N. W. 511; State ex rel. Wehe v. Frazier, 47 N. D. 314, 182 N. W. 545; Molander v. Swenson, 54 N. D. 391, 210 N. W. 9.

The judgment of the court in denying the writ on its merits is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.