# WHEELING.

## BIER *v.* GORRELL.

Submitted June 13, 1887.—Decided June 29, 1887.

1. OFFICER DE JURE—EXCLUSION FROM OFFICE—RECOVERY OF DAMAGES.

   A *de jure* officer, who has been excluded from his office by a person not legally entitled to it, may, in an action on the case, recover from such person for the injury sustained by such exclusion. (p. 97.)

2. OFFICER DE JURE—FEES OF OFFICE.

   Where a person exercised the duties of the office of sheriff under an apparent claim of right, and it was subsequently judicially determined that the office did not belong to him, the rightful officer may recover from such person the fees and perquisites received by him while in office, after deducting the necessary expenses of earning them. (p. 98.)

3. OFFICER DE JURE—LIMITATION.

   In such case, if the action is brought more than five years after the intrusion commenced, but within less than that time before it ended, the plaintiff cannot recover for the profits of the office, received more than five years before, but may for those received within that period. (p. 99.)

*John A. Hutchinson* and *D. D. Johnson* for plaintiff in error.

*J. B. Jackson* and *Geo. Loomis* for defendant in error.

SNYDER, J. :

Action of trespass on the case, commenced April 30, 1884, in the Circuit Court of Pleasants county, by *W. E. Bier* against *Oliver Gorrell*. In September, 1877, the defendant was duly appointed and qualified as sheriff of Pleasants county, to fill the vacancy in said office until the election and qualification of a sheriff to fill said office for the unexpired term, which ended December 31, 1880. At the general election held October 8, 1878, the plaintiff was elected to fill said unexpired term, and on October 21, 1878, he qualified by taking the oath and filing the bond required by law. The defendant continued to hold and exercise the duties of said office, and by legal proceedings contested the right of the plaintiff to hold the office. In December, 1878, the County Court reappointed the defendant to fill the office for the unexpired term. In the contest the County Court decided that the plaintiff, Bier, was ineligible, and his election void. The Circuit Court reversed the said judgment of the County Court, and decided that Bier was entitled to the office. Upon a writ of error, taken by Gorrell, this Court, on July 9, 1879, affirmed the said judgment of the Circuit Court. *Gorrell* v. *Bier*, 15 W. Va. 311. On August 2, 1879, Gorrell surrendered the office to the plaintiff, Bier. The present action is brought to recover from the defendant the damages sustained by the plaintiff by reason of the defendant's withholding from the plaintiff the said office during the period from October 8, 1878, to August 2, 1879. There was a verdict and judgment in the Circuit Court in favor of the plaintiff for $466.91, and the defendant obtained this writ of error.

1. There was a general demurrer to the declaration, which the court overruled, and this is the first error assigned. The declaration is irregular and quite informal ; so much so that it is difficult to determine whether the pleader intended it for one count only in case, or for two counts,—one in case, and the other in *assumpsit*. In its first paragraph it avers that the defendant illegally and fraudulently exercised the duties of the office, and received the fees, commissions, and perquisites thereof, to the amount of $2,000, which of right belonged to the plaintiff, and which on demand he refused

to pay to the plaintiff; and in the second paragraph it avers that the plaintiff demanded of the defendant to desist from the exercise of the duties of the office, and to turn over to him the books and papers belonging thereto; that the defendant failed to do so, but, well knowing the premises, he continued to exclude the plaintiff from said office, and to exercise the duties, and to appropriate to himself the fees, commissions, and perquisites thereof to the amount of $2,000; whereby the plaintiff has sustained damages, etc.

Taking the whole declaration together, I think it must be regarded as consisting of but a single count in case. Neither of its paragraphs avers any promise on the part of the defendant. Such an averment is essential in *assumpsit*. If the declaration did, in fact, contain two counts, one in case and the other in *assumpsit*, it would be clearly bad, because actions founded on tort can never be joined with actions on contracts. 4 Rob. Pr. 875. It seems to me, however, that there is no such misjoinder in this case.

The question then arises, does this declaration state a legal cause of action? It seems to be well settled that a *de jure* officer, who has been kept out of his office by the intrusion of another person, may by action recover from such person for the injury sustained by him, and that in such action the lawful perquisites which the plaintiff would have received if he had exercised the office are the proper measure of his recovery. The common-law form of action in such cases was on the case of the assize. *Boyter* v. *Dodsworth*, 6 Term R. 681; *Auditors, etc.,* v. *Benoit*, 20 Mich. 176, 4 Amer. Rep. 382.

It seems to be a principle of natural justice, as well as law, that where one person has injured another, or received the compensation which in equity and good conscience belongs to another, he may be required by action to account to such other for the injury done him. In like manner will an intruder in office be required to account to the legal officer for injury done by the intrusion. The legal right to an office confers the right to receive and appropriate the fees and perquisites legally incident thereto. When such officer performs the duties of his office, he may demand and receive the compensation therefor allowed by law, and he is as fully

entitled to such compensation as he would be in any other case entitled to pay for skill and labor done for another at his request. The legal fees and emoluments of an office are a part thereof, and belong to the rightful incumbent; and, where a person receives such fees and emoluments on the pretense of title to the office, the *de jure* officer may recover the profits of the office from him by an action of *assumpsit* for money had and received to his use. *Arris* v. *Stukely*, 2 Mod. 260; *Mayfield* v. *Moore*, 53 Ill. 428, 5 Amer. Rep. 52.

Where the office is one with a fixed salary attached to it, the officer will be entitled to recover the entire official salary, without any deduction for the services of the incumbent, or for what he may have earned himself while ousted. *People* v. *Miller*, 24 Mich. 458; *Comstock* v. *Grand Rapids*, 40 Mich. 397; *Dolan* v. *Mayor*, 68 N. Y. 274.

Such, however, is not the case when the compensation affixed to the office is made to depend upon fees for services rendered to the public and to individuals. In such case the officer is entitled to recover from an incumbent, acting under an apparent claim of title, only the profits of the office; that is, the fees and perquisites, less the necessary expenses of earning them. *Mayfield* v. *Moore*, 53 Ill. 428, 5 Amer. Rep. 52; Sedg. Dam. 659, note.

The form of action in most of the cases I have been able to find has been *assumpsit* for money had and received to the use of the plaintiff; but inasmuch as the original action in cases of this kind was on the case of *assize*, which was an action in tort, I can not see why an action on the case as well as *assumpsit* does not now lie. In *Boyter* v. *Dodsworth*, 6 Term R. 683, Lord Kenyon, C. J., says: "If there had been certain fees annexed to the discharge of certain duties belonging to this office, and the defendant had received them, an assize would have lain; and the action for money had and received to recover fees has always been considered as being substituted in the place of an assize." In many cases *assumpsit* and case are convertible actions. Where there has been tortious taking and conversion of goods, the owner may bring either trespass for the taking, or he may waive the tort, and bring *assumpsit* for their value. *Maloney* v. *Barr*, 27 W. Va. 381. And under our statute case

may be maintained in any action where trespass would lie. Code, § 8, ch. 103. It seems to me, therefore, that the plaintiff's declaration is in substance, sufficient, and that the demurrer thereto was rightly overruled.

2. The next assignment of error, that we deem it necessary to consider, is in relation to the statute of limitations. The defendant, having pleaded the statute, asked that the court instruct the jury that it was incumbent upon the plaintiff to satisfy the jury that the defendant received and collected the fees and emoluments of office sought to be recovered, within five years before the time this action was commenced. The court gave the instruction, with this addition: "But the right of action accrued to the plaintiff on July 9, 1879, the time when the judgment of the Supreme Court was rendered in the case referred to in the evidence." The defendant excepted to this modification of the instruction, and now insists that it was erroneous. In an action of *assumpsit* upon a running account of separate items, gotten at different dates, the rule is well settled that the cause of action accrues upon each item at the time it was gotten, and the statute begins to run as to such item from that time; and if, action is not brought within the statutory limit, such item will be barred, although other items of the account may be within the statutory period at the time of action brought and not so barred. The same general rule applies in cases of tort. Each separate trespass or wrongful act constitutes a cause of action, unless it be an act which does not of itself cause an injury or damage. As, for instance, if one dig a pit in the highway, all the world can not sue him, but only he who falls into it. Therefore the person who falls into it has no cause of action until he gets hurt by it, although the pit was dug long before. But in all cases where the wrongful act of itself causes an injury or loss, the cause of action as to that injury or loss accrues at once, and each successive injury or loss, although resulting from the same wrong or act of the defendant, will constitute a separate cause of action; and the statute will begin to run, in every instance, from the time the right of action accrued for each separate injury or loss. 1 Rob. (New) Pr. 478, 479, and cases cited.

In the case at bar the cause of action accrued to the plain-

tiff at the time the defendant unlawfully excluded him from his office, which was October 21, 1878, the date at which he qualified and filed his bond as sheriff of the county ; and not July 9, 1879, the time the contest for the office was finally judicially determined by the Supreme Court of Appeals. The defendant was appointed to hold the office until his successor was qualified, and as soon as this was done his right to hold the office ceased, and the right of the plaintiff to hold it became complete. The title of the plaintiff was as complete then as it ever was, and no subsequent act lent the least force to his right to the office. The decision of the Supreme Court was simply the judicial determination of a fact. It did not create a fact or right, and was therefore no more potent to confer the right to the office than was the decision of the Circuit Court, or that of the County Court. The court, on the evidence, declared the title, but did not confer it. The plaintiff was entitled to the office, and its fees and emoluments, from the time of his qualification, and the defendant was liable to account to him for them from that date until he ceased to act and receive the fees and perquisites of the office. *Mayfield* v. *Moore*, 5 Amer. Rep. 55. Each day the defendant usurped the office, and each fee or perquisite received by him constituted a cause of action. Hence it follows that whatever *profits* the defendant received from the office within five years from the commencement of this action the plaintiff is entitled to recover. This conclusion makes it apparent that the Circuit Court erred in modifying the instruction as it did. The points already decided obviate the question raised by the other assignments of error, and render it unnecessary to pass upon them.

For the error aforesaid, the judgment of the Circuit Court is reversed, the verdict of the jury set aside, and the case remanded for a new trial.

REVERSED.  REMANDED.