## Richmond.

95  359
d102 687

### BOOKER *v.* DONOHOE.

#### DECEMBER 2, 1897.

1. PLEADING—*Counts in Tort and Upon Contract in Same Declaration—Action to Recover Fees of De Facto Officer.*—Counts in tort and upon contract cannot be combined in the same declaration, but a count which simply sets out the details of an intrusion into an office, and claims of a *de facto* office the emoluments of an office which have been illegally collected by him, and avers an *indebitatus assumpsit* to the *de jure officer* cannot be said to be a count in tort.

2. PLEADING—*Assumpsit—Declaration—Account.*—The bill of particulars, or account, required to be filed with a declaration in assumpsit is no part of the declaration.

3. PLEADING—*Assumpsit—Action to Recover Emoluments of Office—De Jure Officer—Taking Oaths and Giving Bond—Case at Bar—Measure of Damages.*—Assumpsit is the proper remedy for the recovery by a *de jure* officer of the emoluments of the office illegally collected by a *de facto* officer. A *de jure* officer is entitled to the emoluments of the office of which he has been deprived from the date on which he was entitled to enter upon the discharge of the duties of the office, and it is not necessary as a condition precedent to his right of recovery that he should have qualified himself to discharge the duties of the office by taking the oaths and giving the bond required by law. In the case at bar/the measure of damages of the plaintiff, who was deprived of the office of clerk of the county court, if he proves the case set forth in the declaration, is so much of the *ex-officio* allowance to the clerk as was collected by the defendant, and the amount of fees received by him as such clerk, less the necessary expense of earning them, unless the defendant was guilty of fraud in procuring the certificate of election, in which event, no deduction should be allowed.

Error to a judgment of the Circuit Court of Elizabeth City county rendered September 17, 1895, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*R. C. Marshall* and *M. T. Hughes,* for the plaintiff in error.

*N. L. Henley* and *J. F. Hubbard,* for the defendant in error.

KEITH P., delivered the opinion of the court.

John Booker, the plaintiff in error, instituted an action of trespass on the case in assumpsit against L. G. Donohoe in the Circuit Court of Elizabeth City county, and filed a declaration containing the common counts in *assumpsit,* and a special count, which sets forth the following cause of action, to-wit: That on the 25th day of May, 1893, he was duly elected to the office of county clerk of Elizabeth City county, and was thereby entitled to the certificate of election and to enter upon the discharge of the duties of the said office on the first day of July of said year, and to receive the fees and emoluments thereof. He avers that he was always ready and willing, from and after his election, to qualify as provided by law, but was prevented from so doing by the defendant, who, the plaintiff alleges, wrongfully and illegally secured the certificate of election to said office, and intruded himself into the office, and took upon himself the discharge of its duties, and continued illegally to hold the same from the said first day of July, 1893, until the 19th day of March, 1894, when, pursuant to the judgment of the Circuit Court of Elizabeth City county, affirming the judgment of the County Court of Elizabeth City county, a certificate of election to the said office was granted to the plaintiff, and the plaintiff then and there qualified by taking the oaths and executing the bond required by law.

The plaintiff further avers that the defendant enjoyed the said office, and collected and converted to his own use the fees and emoluments thereof from the said first day of July, 1893, to the said nineteenth of March, 1894; that "by reason of premises,

the defendant became indebted to the plaintiff in the sum of $1,294.40, and, in consideration thereof, undertook and promised to pay to the plaintiff the said sum of money when thereunto requested. Nevertheless, the said defendant, not regarding the said promises and undertakings, hath not paid to the plaintiff the said several sums of money, or any part thereof though often requested so to do, to the damage of the plaintiff $2,400."

The defendant demurred to this declaration, and to each count thereof. The Circuit Court sustained the demurrer, and entered judgment for the defendant; and thereupon the plaintiff applied to, and obtained a writ of error and _supersedeas_ from one of the judges of this court.

The declaration contains the common counts in assumpsit, and a special count setting forth the circumstances out of which the controversy arose, which is the subject matter of the suit.

The demurrer being to the declaration as a whole and to each count thereof, and the common counts being unquestionably good, the demurrer could only have been sustained upon the theory that there was a misjoinder of counts; that is to say, that the special count was upon a _tort_, while the common counts were for a breach of contract. It is bad pleading to combine in the same suit a count upon a _tort_ with one in _assumpsit_. See _Gary_ v. _Abingdon Pub. Co._, 94 Va. 395.

But the special count is not upon a _tort_. It is true that it recites the circumstances attending the election for the clerkship of the county of Elizabeth City; avers that the plaintiff was duly elected, and that the defendant wrongfully and illegally intruded himself into said office, and took upon himself the discharge of the duties; that he held it illegally, and that he received and collected certain fees and emoluments to which the plaintiff was justly entitled. This recital of facts discloses a consideration which supports the promise alleged to have been made by the defendant to pay the plaintiff the sum of money demanded in the declaration.

As was said by Judge Moncure in *Sangster* v. *Commonwealth,* 17 Gratt. 132: "Where A. wrongfully takes the property of B., and sells it, B. may bring trespass, trover, detinue, or *assumpsit* for money had and received at his election,   \*   \*   \*   and by bringing *assumpsit* he waives all claims for the wrongful detention, and makes the proceeds of it money had and received to his use." See *Gary* v. *Abingdon Pub Co., supra*; and *Bier* v. *Gorrell*, 30 W. Va. 97. The declaration and all of its counts are in *assumpsit*.

It was suggested in argument that, an account having been filed which stated the several items of plaintiff's claim, the Circuit Court had considered it in connection with the common counts, and that being of opinion that the facts stated in the special count did not entitle the plaintiff to recover in any form of action, and that, the common counts considered in connection with the itemized account show that they were for the same cause of action set forth in the special count, the demurrer had for that reason been sustained; but this court has held that the account which the statute requires to be filed with an action of *assumpsit*, setting forth the items of the plaintiff's claim, is not a part of the declaration. So that, in no aspect of the case, can the judgment of the Circuit Court be sustained. *Campbell Co.* v. *Angus Co.*, 91 Va. 438.

As it is our duty, however, to render such judgment as the Circuit Court should have entered, it is necessary to inquire whether or not the special count sets forth a cause of action upon which the plaintiff in error was entitled to recover in *assumpsit*.

"Where a person has usurped an office belonging to another, and taken the known and established fees of office, an action for money had and received will lie at the suit of the party really entitled to the office, against the intruder, for the recovery of such fees. 1 Selwyn N. P. 81. And Chitty (1 Pl. 100), speaking of the action of *assumpsit*, says such action will lie "against such person who has usurped an office and received the known and accustomed fees thereof." And in *Arris* v. *Stuke-*

*ley,* 2 Modern 260, it is said: "If a man receive the profits of an office on pretence of title, the person who has a right to the profits may recover them by an action of *indebitatus assumpsit* for moneys received and had to his use."

In the case of *Bier* v. *Gorrell,* 30 W. Va. 97, Judge Snyder, delivering the opinion, says: "It seems to be a principle of natural justice as well as law, that where one person has injured another, or received compensation which in equity and good conscience belongs to another, he may be required by action to account to such other for the injury done him. In like manner will an intruder in office be required to account to the legal officer for injury done by the intrusion. The legal right to an office confers the right to receive and appropriate the fees and perquisites legally incident thereto. When such officer performs the duties of his office, he may demand and receive the compensation therefor allowed by law, and he is as fully entitled to such compensation as he would be in any other case entitled to pay for skill and labor done for another at his request. The legal fees and emoluments of an office are a part thereof, and belong to the rightful incumbent; and, where a person receives such fees and emoluments on the pretense of title to the office, the *de jure* officer may recover the profits of the office from him by an action of *assumpsit* for money had and received to his use." See also *Dorsey* v. *Smyth,* 28 Cal. 21.

In *Nichols* v. *MacLean,* 101 N. Y. 526, after stating that in this country offices are not hereditaments, and the right to hold office and receive its emoluments does not grow out of any contract with the State, and that an office is not property in the sense that cattle and land are property of the owner, and that therefore an officer acquires no vested right to have an office continued during the time for which he was elected or appointed, and while the legislature may abolish the office during the term of the incumbent or diminish the salary, or change the mode of compensation, subject only to constitutional restrictions, the court says: "But within these acknowledged limits, the right to

an office carries with it the right to the emoluments of the office. An office has a pecuniary value, although primarily it is an agency for public purposes. The right to the emoluments of an office follows the true title." In support of these propositions, many cases are cited from England, and from the various States of the Union. See also *Kessel* v. *Ziesier*, 102 N. Y. 114.

*Dolan* v. *The Mayor*, 68 N. Y. 274, is a striking case. Dolan was the assistant clerk of one of the district courts of the city of New York. He was unlawfully excluded from that office by Keating, who claimed under the appointment by a justice of that court, and entered upon and discharged the duties of the office. Dolan brought a suit against the city to recover the salary. It was held that he was not entitled to recover as against the city for the period during which the salary was paid to Keating; that the city was in no way a party to the usurpation or responsible for the unlawful exercise of the power of appointment by the Justice; that such appointment, although unauthorized, when joined with the possession of the office, constituted Keating an officer *de facto*; that, while as an officer *de facto* only, he was not entitled to the salary and could not have maintained an action to recover it, yet payment to him while in possession was a good defence, the comptroller being justified in acting upon the apparent title; and that plaintiff's remedy was by action against the usurper. But the plaintiff was allowed to "recover so much of the salary as was unpaid, he having the right to services of Keating as having been rendered for him."

The cases cited establish not only that *assumpsit* is the proper remedy, but might well be considered as ample to sustain the right itself.

There are, it is true, cases which take a contrary view of the law, among which that of *Stuhr* v. *Curran*, 44 N. J. Law Reports, at p. 181, is perhaps the best considered, and seems to be much relied upon by counsel for defendant in error. It was heard before a court of twelve judges, five of whom dissented, and the dissenting opinion commends itself to us as presenting

in a clear and satisfactory manner the law of the case, and the reason and authority upon which it rests. It was earnestly contended in the argument before this court that the plaintiff had shown no right in himself, because, from the averments of his declaration, it appears that he was not a *de jure* officer; that none but an officer *de jure* can maintain an action for the fees and emoluments of an office, and that to be an officer *de jure* it is necessary that he should have taken the oaths, given the bonds, and duly qualified himself according to law for the discharge of its duties. In some of the cases which we have thus far cited, this view seems to be entertained.

We will now consider a further class of cases in which it is expressly held that, as against an intruder, a wrong doer, a usurper, as he is sometimes styled, the rightful claimant may recover the emoluments and fees of the office to which he is lawfully entitled, and from which he has been unlawfully excluded without having qualified in the mode prescribed by law.

In *Comstock* v. *City of Grand Rapids*, 40 Mich. 398, it appears that, in April, 1878, Comstock was elected clerk of the Superior Court of Grand Rapids. The county clerk of Kent county, claiming to be *ex officio* clerk of the Superior Court, protested against Comstock's being sworn, and the judge refused to administer the oath, or approve his official bond. At the June term, the Supreme Court awarded a mandamus requiring the judge of the Circuit Court to administer the oath of office to Comstock, and to approve his bond. The office was turned over to him on the first of July, 1878. Both Comstock and the county clerk who had performed the duties of the office demanded of the common council of Grand Rapids the salary during the disputed period from April to July. The court says: "The salary belongs to the person who is rightfully and legally entitled to the office, and, if he is ready and willing to perform the duties thereof, he cannot be deprived of the salary by an intruder when it has not already been paid. Had the salary been paid to the *de facto* officer, the present plaintiff might have sued to recover the amount due from him."

In the case of *Kreitz* v. *Behrensmeyer* (Ill.), 36 N. E. 984, it appears that Behrensmeyer filed a claim against the estate of Kreitz upon the following cause of action: Kreitz and Behrensmeyer were candidates for election to the office of county treasurer of Adams county, Ill., and, on the canvass of the votes, Kreitz was declared elected, and a commission was issued to him by the Governor, whereupon he qualified and entered upon the discharge of the duties of that office. Behrensmeyer contested the election, and, after extended litigation, was finally declared to have been duly elected county treasurer of Adams county. In the meantime, Kreitz had died, and Behrensmeyer recovered from his estate the sum of $10,000, for fees and salary. It was conceded that there was no statute upon the subject in Illinois declaring the right of a *de jurê* officer to recover from a *de facto* officer the salary paid, he having discharged the duties of the office under a wrongful or mistaken purpose. The right of recovery, it is declared, in that State, depends upon the principles of the common law, and a *de jure* officer has a right of action to recover against an officer *de facto*, by reason of the intrusion of the latter into the office, and the receipt of the emoluments thereof. Says the court: "On the basis of a sound public policy, the principle commends itself for the reason that one would be less liable to usurp or wrongfully retain a public office, and defeat the will of the people or the appointing power, as loss would result from wrongful retention or usurpation of office. The question has frequently been before the courts of the different States, and of the United States, and the great weight of authority sustains the doctrine of the common law, as shown by the opinions of the judges of the different States; and in most of the States these are based upon the common law, without reference to any statute."

It was insisted in that case that no recovery could be had, because the claimant had never fully qualified, not being commissioned by the Governor and not filing bonds as collector. The court answers this objection as follows: "Under

the law, so soon as a majority of the votes was cast for appellant at the election held in pursuance to law, he became legally and fully entitled to the office. The title was as complete then as it ever was, and no subsequent act lent the least force to the right to the place. The commission was evidence of title, but not the title. The title was conferred by the people; and the evidence of the right by the law." See also *State* v. *Johnson,* 17 Ark. 407.

In the case of the *City of Philadelphia* v. *Rink,* 14 Amer. & Eng. Cor. Cases, at page 285, the court, in overruling the objection which we are now considering, uses the following language: "It is no answer to say that he did not then take the oath or give the bond. He was denied the privilege of doing either. If he had gone through the form of then executing the papers, no effect could have been given to them prior to the decree in his favor. He was not kept out of the office by reason of any such omission, but by reason of the fact that Barr had received a larger number of votes, and that the latter was actually occupying the office."

These authorities establish the right of the plaintiff in error to recover against the defendant in error, who intruded himself into the office to which the former had been duly elected. They establish further that, having received the fees and emoluments to which the plaintiff in error was entitled, the latter may recover in an action of *indebitatus assumpsit*; and finally, that it was not necessary, as condition precedent to the recovery against the defendant, that the plaintiff should have qualified himself to discharge the duties of the office to which he was elected by taking the oaths and executing the bonds prescribed by law. Not only are these propositions established by authority, but they are consonant with reason, and accord with sound public policy.

Under our form of government the perpetuity of our institutions and the preservation of the liberty of the people depend upon honest and fair elections, and the highest public policy requires that the laws should be so framed and administered as to

secure fair elections.    To hold that a defeated candidate, who, by any artifice or device, obtains the certificate of election and is inducted into office, may retain it until, as the result, it may be, of protracted litigation, the rightful claimant prevails, and that in the meantime he may receive and retain the fees and emoluments pertaining to the office without being accountable therefor, is repugnant to natural justice and offers an inducement to the commission of fraud by permitting the perpetrator to enjoy its fruits in security. To hold that the injured party must qualify, as a condition precedent to his right of action against the intruder, would be to allow the wrong doer to take advantage of his own wrong, for, having secured the certificate of election to which he was not entitled, he has deprived his competitor of the only evidence which would entitle him to qualify and to be inducted into office.

In order to dispose as far as may be of the entire controversy before us, it may not be amiss to say a word as to the measure of damages.

The compensation of a clerk is chiefly in the form of fees, but he receives also a sum of money from the county as compensation for the services required of him.    We are of opinion that the plaintiff, if he proves his case as set forth in the declaration, will be entitled to recover such proportion of the allowance made to the clerk for the current year beginning July 1, 1893, as was wrongfully received by the defendant; and that, with respect to the fees for services performed, the plaintiff will be entitled to recover the profits thereof; that is to say, the amount of the fees less the necessary expenses of earning them, unless it shall appear that the defendant was guilty of fraud in the procurement of the certificate of election, in which event, he should not be allowed to make any such deduction.    See *Bier* v. *Gorrell, supra*; and *Arris* v. *Stukeley, supra*.

It follows from what has been said that the judgment of the Circuit Court must be reversed, and this court will proceed to enter such judgment as it should have rendered.

*Reversed.*