## TANNER v. EDWARDS, Auditor.

No. 1727. Decided Aug. 4, 1906 (86 Pac. 765).

OFFICERS—COMPENSATION—DE JURE OFFICER.—A state officer is entitled to his salary for a portion of his term of office for which he was appointed and commissioned, and for which he had duly qualified, though during such portion of the term he had not personally assumed charge of the office and compensation for such time had been paid the *de facto* incumbent.[1]

APPEAL from District Court, Salt Lake County; T. D. Lewis, Judge.

Mandamus, on the relation of Caleb Tanner, to compel John A. Edwards, as auditor of public accounts, to issue a warrant in favor of relator, and from a judgment issuing the peremptory writ, respondent appeals.

AFFIRMED.

*M. A. Breeden*, Attorney General, for appellant.

*Warner & Davis* for respondent.

### APPELLANT'S POINTS.

No claim can be brought for the salary or perquisites of an office for any period during which the claimant was not

---

[1] Williams v. Clayton, 6 Utah 86, 21 Pac. 398; People v. McAlister, 10 Utah 357, 37 Pac. 578; Kendall v. Raybould, 13 Utah 226, 44 Pac. 1034.

actually in office, even though wrongly hindered from occupying the position, the salary being the reward for expressed services. (*Smith v. Mayor,* 37 N. Y. 518; *Queen v. Atlanta,* 59 Georgia 318; *Webster v. Kansas City,* 64 Mo. 493; 47 Alabama 709.) In the case of Farrell against the city of Bridgeport, the court holds that before a public officer is entitled to the salary of an office he must both obtain and exercise the functions of the office. Payment follows the actual discharge of duty and not the formal offer to do it no matter how honestly and persistently made. (*Farrell v. City of Bridgeport,* 45 Conn. 191; *Samis v. King,* 40 Conn. 298; *The Mayor of Brunswick v. Fahm,* 59 Georgia 318.) Throope on Public Officers, secs. 176, 315, 472 and 473, hold to the same doctrine. *Auditors v. Beloit,* 20 Mich. 179, holds that a person cannot claim compensation without the performance of duties of the office. *Cook v. People,* 106 Ill. 237, holds the same doctrine.

### RESPONDENT'S POINTS.

In *Fitzsimmons v. Brooklyn,* 102 N. Y. 536, toward the end of the decision, the court says: "We have before held that there is no contract between the officer and the State or municipality by force of which the salary is payable. That belonged to him as an incident of his office, and so long as he holds it; and when improperly withheld, he may sue for it and recover it. When he does so, he is entitled to its full amount, not by force of any contract, but because the law attaches it to the office; and there is no question of breach of contract or resultant damages out of which the doctrine invoked has grown." We could more fully consider the cases cited by the Attorney-General, but we think it would be a useless waste of time, as the question involved is fully settled in the case of *Andrews v. Portland,* 10 Am. St. Rep. 280, which seems to be a leading case, and is followed by *State v. Carr,* 28 Am. St. Rep. 163. (*State v. Otis,* 39 Am. St. Rep. 912; *Blore v. Broad,* 81 Am. St. Rep. 495; *Ward v. Marshall,* 31 Am. St. Rep. 198.)

31 Utah—6

BARTCH, C. J.

Upon the hearing of an application therefor, which was made by the relator, Caleb Tanner, the district court issued a peremptory writ of mandamus to compel the auditor of public accounts, the defendant, to draw a warrant, in favor of the relator, in payment of salary, as state engineer, from March 15 to March 31, 1905, for the sum of $141.66. From that judgment the auditor appealed to this court.

The controlling question presented is whether the State Auditor can refuse to issue a warrant for the salary of an officer for a portion of the time during which such officer did not personally assume charge of the office, and discharge the duties thereof, although he was appointed and commissioned by the Governor for the whole term and had duly qualified. In other words, can the auditor or disbursing officer question the right of an officer, who has the proper credentials from the appointing power and has duly qualified, to any portion of the emoluments of the office? The Attorney-General, representing the appellant, referring to the relator, in his brief, says: "It is true the evidence shows that he filed his bond and took the oath of office on the 14th day of March, 1905, but there is no pretense or claim whatever, that he assumed the duties of the office until March 20th;" and then contends that "before a public officer is entitled to receive the emoluments of an office," he must not only be appointed and qualified, but must take charge, assume the duties of and perform the services in the office, and insists that no claim can be made for the "salary or perquisites of an office for any period during which the claimant was not actually in office, even though wrongfully hindered from occupying the position;" the salary, as is urged, "being the reward for expressed services."

Although, it must be admitted, there are authorities which give some support to this contention, we are of the opinion that it cannot be maintained within this jurisdiction, and that the question here presented must be answered in the negative.

The decisions on this subject appear to be irreconcilable. Some cases seem to hold that to entitle an officer to the emoluments of the office, he must take possession and actually discharge the duties of the office, and that if an officer *de facto* is in possession, performs the services, and is paid the salary, the officer *de jure* loses his right to recover the salary from the state or municipality. It seems such holding is based upon the theory, in part at least, that an officer *de jure* has no property right in the office, and that his right to the emoluments is dependent upon the performance of the duties and not upon the office. Notwithstanding that this doctrine has been maintained by courts of high authority, it does not appear to have the support either of logic or sound reason. A *de facto* officer has no title to the office. In general he is a mere usurper, and when he commits an act for his own benefit it is void. His act is only valid when it concerns the public, and this upon the principle that the public is presumed to be unaware of his want of title. If he performs the services or duties, no matter how faithfully, he can maintain no action to recover the emoluments. This upon the ground that he has no title to the office because of which the emoluments accrue, and the principle that one can not sue to recover what does not belong to him. Most of the cases of the class referred to, even while denying the right of the *de jure* officer to recover the emoluments from the state or municipality, after they have been paid to the officer *de facto,* hold that the latter must account to the former for the same in an appropriate action, thus virtually recognizing the fact that the emoluments are in some way attached to the office, and belong to the holder of the legal title. Logically, therefore, it would seem to follow that payment to one not entitled to the office or its emoluments, would not discharge the obligation to the person lawfully entitled thereto. If it be true that the *de jure* officer may recover the emoluments from the officer *de facto,* it must be upon the ground that he has some property rights of some sort in them, not, perhaps, property rights as ordinarily understood, but still some veritable, though they be intangi-

ble, rights or interests of pecuniary value of which the law takes cognizance. This must be true, else no action could lie to recover the emoluments from the officer *de facto,* for it is self-evident that no action lies in favor of one to recover what lawfully belongs to another. If, as it seems to us, this is an uncontrovertible fact, then upon what legal ground can the state or municipality pay the salary, or emoluments, to one having no right or title to the office, without any fault or consent of the holder of the legal title, and thereby shake off all its responsibility to the *de jure* officer? How can the payment of the salary, in contravention of the will of the holder of the legal title to the office, to a person not entitled to recover it and who can maintain no action to recover it, relieve the state or municipality from liability, or impair the right of the *de jure* officer to recover it? It would seem clear that such payment can or ought not have such effect in the law which is supposed to be the embodiment of justice, logic, and sound reason. And there is a strong line of authorities, including many later decisions, based, as we think, upon sounder reasons than the class of cases above referred to, which hold that wrongful payment of the emoluments of salary of an office, to a *de facto* officer, or person not entitled to receive it, does not impair the *de jure* officer's right to it, nor his right to recover it from the state or municipality that made the wrongful payment. And this upon the ground that the salary attached to a public office does not accrue by virtue of a contract, or *ex contractu,* but is an incident to the title to the office, inseparable from it, and that the right of the *de jure* officer to the salary does not depend upon the occupation and exercise of, but upon his title to the office. Under this class of cases the acts of the *de facto* officer are held valid with respect to third persons, and the public to prevent a failure of justice, but payment of the emoluments to him, for the services performed, constitutes no defense in a suit, by the officer *de jure,* to recover them from the state or municipality. If, therefore, the disbursing officer of a state or municipality wrongfully pays the salary annexed to a public office to a *de facto* officer, he does so at his peril,

he having no right to assume that such salary belongs to any one except the person who holds the legal title.

Strictly in line with the authorities so holding, this court, in *Kendall v. Raybould,* 13 Utah 226, 44 Pac. 1034, held that:

"The right to hold an office includes the right to receive the salary incident to it," and, in the course of the opinion, it was said: "The term 'office' is defined as 'a right to exercise a public or private employment, and to take the fees and emoluments thereunto belonging.' (2 Bl. Comm. 36.) It embraces the ideas of tenure, duration, emoluments, and duties, and these ideas or elements cannot be separated, and each considered abstractly. All, taken together, constitute the office in a case like this." It was there also said that the relator "had a right to demand the order of the auditor on the treasurer to pay his claim, and it was the duty of the respondent to issue it. Nor could he lawfully refuse to perform such duty because, as is insisted by counsel, the salary had previously been paid to McAllister, who was claiming to hold the office. There was no authority for any other person other than the relator to hold the office; this court having adjudged the appointment of McAllister void. Therefore payment to him is no defense as against the relator. A disbursing officer has no right to assume that anyone but the legal officer has the right to receive the salary of the office. If he pays it to anyone else he does so at his peril." (See, also, *Williams v. Clayton,* 6 Utah 86, 21 Pac. 398; *People v. McAllister,* 10 Utah 357, 37 Pac. 578.)

. In Mechem on Public Officers, sec. 855, the author says:

"The relation between an officer and the public is not the creature of contract, nor is the office itself a contract. So his right to compensation is not the creature of contract. It exists, if it exists at all, as the creation of law, and, when it so exists, it belongs to him 'not by force of any contract, but because the law attaches it to the office.' The most that can be said is that there is a contract to pay him such compensation as may from time to time be by law attached to the office."

In *Andrews v. Portland,* 79 Me. 484, 10 Atl. 458, 10 Am. St. Rep. 280, it was said:

"A *de facto* officer has no legal right to the emoluments of the office, the duties of which he performs under color of an appointment, but without legal title. He can not maintain an action for the salary. His action puts in issue his legal title to the office, and he cannot recover by showing merely that he was an officer *de facto.* In *Nichols v. MacLean,* 101 N. Y. 526, 5 N. E. 347, 54 Am. Rep. 730, the court says: 'It is abundantly settled by authority, that an officer *de facto* can, as a general rule, assert no right of property, and that his acts are void as to himself, unless he is also an officer *de jure.*' In Cro. Eliz. 699, the doctrine is tersely stated as follows: 'The act of an officer *de facto,* when it is for his own benefit is void; because he shall not take advan-

tage of his own want of title which he must be conusant of; but where it is for the benefit of strangers, or the public, who are presumed to be ignorant of such defect of title, it is good.' . . . It is well settled that an office which has attached to it emoluments, has a pecuniary value, although primarily it is an agency for public purposes, and that the right to the emoluments follows the legal title to the office."

So, in *Ward v. Marshall*, 96 Cal. 155, 30 Pac. 1113, 31 Am. St. Rep. 198, it was observed:

"The plaintiff, by virtue of his election and qualification as justice of the peace, became entitled to the salary attached to such office during the term, should he live so long, and was not guilty of any misconduct for which he should be removed, or did not otherwise forfeit his legal title to such office. The right to receive the salary is an incident which attaches itself to the legal title to the office." (8 Am. & Eng. Ency. Law [2d Ed.], 808; Mechem, Pub. Officers, section 342; 23 Am. & Eng. Ency. Law [2d Ed.], 396, 397; *State v. Carr*, 129 Ind. 44, 28 N. E. 88, 13 L. R. A. 177, 28 Am. St. Rep. 163; *Andrews v. Portland* (Me.), 10 Atl. 458, 10 Am. St. Rep. 280, 284; *Dorsey v. Smyth*, 28 Cal. 21; *Rusmussen v. Com'rs Carbon Co.*, 8 Wyo. 277, 56 Pac. 1098, 45 L. R. A. 295; *Fitzsimmons v. City of Brooklyn*, 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835; *City of Philadelphia v. Rink* [Pa.], 2 Atl. 505; *Carroll v. Siebenthaler*, 37 Cal. 193; *Scott v. Crump*, 106 Mich. 288, 64 N. W. 1, 58 Am. St. Rep. 478; *Auditors of Wayne Co. v. Benoit*, 20 Mich. 176, 186-194, 4 Am. Rep. 382.)

In this case commission from the Governor and qualification of the respondent were *prima facie* evidence of the officer's title to the office and right to the compensation, and therefore the auditor had no right to pay the salary to the *de facto* officer. (*Williams v. Clayton*, supra.)

We do not deem it necessary to decide any other question presented. The writ was properly issued.

The judgment is affirmed, with costs.

McCARTY and STRAUP, JJ., concur.