[File No. 6629.]

GEORGE EKBLAD, Respondent, v. WILLIAMS COUNTY, NORTH DAKOTA, a Political Subdivision of the State of North Dakota, Appellant.

(289 N. W. 90.)

Opinion filed November 30, 1939.

*Eugene A. Burdick,* State's Attorney, and *C. F. Kelsch,* Assistant Attorney General, for appellant.

*Ivan V. Metzgar,* for respondent.

MORRIS, J. This is an appeal from an order of the district court overruling a demurrer to the complaint. The complaint shows these facts. The plaintiff was on March 29, 1938, a duly elected, qualified and acting county commissioner of Williams county. On that date he was suspended from office by the then governor of this state. The suspension was based upon the verified written complaint of five or more taxpayers of said county charging that the plaintiff was guilty of certain misfeasances in office. On April 28, 1938, a hearing was had and testimony taken before the commissioner appointed by the governor. The governor took the matter of the permanent removal of the plaintiff under consideration until December 31, 1938, when he decided there was no just cause for removal and restored the plaintiff to office. A county commissioner was appointed in lieu of the plaintiff who served during the time of plaintiff's suspension for a total of forty-five days and was paid therefor at the legal rate of $5 per day. The plaintiff further claims he was unjustly and unfairly suspended from office and has at all times stood ready and willing to perform the work that was done by his temporary successor; that he was denied the right of earning his pay which would have amounted to $225; and that he has presented his bill for this sum to the county commissioners and his claim has been denied.

The demurrer challenged the sufficiency of the complaint on the ground, among others, that it fails to state facts sufficient to constitute a cause of action. With reference to this point the appellant contends that a county commissioner who has been suspended from office by order of the governor and subsequently reinstated is not entitled to per

diem compensation during the period of suspension where he has performed no official duties during that period, but has stood ready and willing to perform all duties of the office.

The respondent contends that he is entitled to receive the same per diem payments which his temporary successor received and which the appellant would have received had he been permitted to remain in office. He relies upon the case of Ness v. Fargo, 64 N. D. 231, 251 N. W. 843. In that case we held that the salary of a public officer is an incident to the office which he holds and the right to receive the salary goes with the legal title to the office. In that case the city assessor was wrongfully dismissed from office. A de facto city assessor performed the duties of the office and was paid the salary by the city. It was held that the de jure assessor was entitled to recover his salary from the city for the period of wrongful ouster.

In the Ness Case the suit involved an office with a fixed annual salary. The provisions for the pay of county commissioners are to be found in an Initiated Measure approved June 29, 1932, appearing in N. D. Session Laws 1933, pp. 497 et seq. According to its title, this measure purports to be an act "reducing and fixing the salaries" of certain specified county officials "and fixing the per diem and mileage of county commissioners." Section 5 of the measure reads as follows: "County Commissioners shall be allowed the sum of Five Dollars ($5.00) per day and the actual amount necessarily expended by them for expense of travel in the performance of official duty, not exceeding the sum of Seven Cents (7¢) per mile actually and necessarily travelled by motor vehicle or team, when such motor vehicle or team is not owned by the county or other political subdivision, and not exceeding the sum of Five Cents (5¢) for each mile actually and necessarily travelled in the performance of official duty, when such travel is by rail or other common carrier, provided, however, that in counties having a population of nine thousand (9,000) or less, the total compensation and expenses received by any member of the board of County Commissioners shall not exceed the sum of Six Hundred Fifty Dollars ($650.00) per annum." Thus it appears that the law does not provide a salary for the office of county commissioner. Webster's International Dictionary defines salary as, "The recompense or consideration paid, or stipulated to be paid, to a person at regular intervals, for

services, esp. to holders of official, executive, or clerical positions; fixed compensation regularly paid, as by the year, quarter, month, or week, . . ." A commissioner is not paid according to the time during which he holds the office, but for the work he does on a per day basis.

. A person who accepts a public office takes it subject to the provisions of the law with reference to compensation. Mechem, Public Officers, § 856; 2 McQuillin, Municipal Corporations, 2d ed. Revised, § 534. One is presumed to accept a public office with full knowledge as to the compensation provided therefor.

Section 4222, N. D. Compiled Laws 1913, requires that before any claim against the county shall be audited or allowed, the claim must be reduced to writing, itemized and verified. If the claim is for services it must be stated that they were actually rendered and of the value charged. This provision applies to claims for services by county commissioners.

It is clear from the reading of statutes applicable to the compensation of county commissioners and the auditing of claims therefor that no salary attaches to the office, but that pay is only provided for services rendered, on a per diem basis. Under the circumstances the per diem is not an incident to the office for payment is not intended unless the services are actually performed. If a county commissioner does not perform the services, he cannot collect from the county irrespective of the cause of nonperformance. The complaint fails to state a cause of action.

Reversed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BURKE, JJ., concur.